United States District Court
Southern District of Texas
**ENTERED**
May 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QI HU, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-294 |
| | § | |
| ANNA STEWART, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. 12). After careful consideration of the pleadings, the motion and response, the entire record, the parties' submissions, and the applicable law, the Court **DENIES** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Qi Hu ("Hu") alleges that she is the record owner of the property located at 5807 Beverly Hill, Unit 28 Houston, Texas 77057, which is more specifically described as Anderson Park Townhomes, Unit 28 in the Deed Records of Harris County, Texas ("the Property"). Dkt. 1-2. Hu alleges that she purchased the property from Fidelity Investment Limited ("Fidelity"), a Hong Kong corporation, in January 2016. *Id*. She alleges that Fidelity purchased the Property from Yi Zhi Qun who, in turn, had purchased the Property at a public sale conducted by the Harris County Constable for Precinct 5 in 2010. *Id.*

Hu alleges that, sometime in late 2019, she received notice from Fidelity that a substitute trustee's sale of the Property was scheduled to take place. On January 3, 2020,

Hu filed this action in the 113th Judicial District Court of Harris County, Texas seeking to prevent the sale. In this suit, Hu has named as Defendants National Lending Corporation ("National Lending") and NewRez LLC fka New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("NewRez"), the entities Hu alleges requested the sale, and Anna Stewart ("Stewart"), the individual Hu alleges was appointed by NewRez to conduct the foreclosure sale as substitute trustee. Hu has globally asserted claims against "Defendants" collectively for wrongful foreclosure under the Texas Business & Commerce Code and violations of the Texas Debt Collection Act. She also seeks the equitable remedies of adverse possession and injunctive and declaratory relief. Dkt. 1-2, at ¶¶ 16-28.

On January 27, 2020, NewRez removed the case to this Court. (Dkt. 1). NewRez contends that removal is proper under 28 U.S.C. §1332(a) based on the Court's diversity jurisdiction. Hu has now filed a motion asking this Court to remand this case, contending that this Court lacks diversity jurisdiction to hear this case because 1) the amount in controversy does not exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(a), and 2) Stewart, on information and belief, is a resident of the State of Texas and thus there is no complete diversity of citizenship among the parties as also required by 28 U.S.C. §1332(a). Hu also argues that removal was improper because NewRez failed to obtain consent from named defendants National Lending and Stewart for removal as required by 28 U.S.C. § 1446. The Court will consider each of these arguments in turn below.

## ANALYSIS

### Diversity Jurisdiction

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party therefore bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

#### A.  Amount in Controversy

First, Hu argues that the amount in controversy for diversity jurisdiction is the amount NewRez alleges that it is owed to pay off the note securing the deed of trust against the Property: $23,012.53 . Dkt. 12, ¶¶ 11 & 13. Hu argues that since this amount is far below the $75,000 threshold for diversity jurisdiction, remand is required. *Id.* The Court finds this argument unpersuasive.

Courts "ordinarily consult the state court petition to determine the amount in controversy." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). However, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A)(i). A defendant

meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. Once a defendant meets its burden, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

When determining the amount in controversy where the action seeks declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The act of seeking injunctive or declaratory relief to stop a foreclosure sale establishes the foreclosed-on property as the object of the litigation. *Id.* "[T]he value of that property represents the amount in controversy." *Id.*

Here, Hu seeks both equitable and legal relief. However, the Court finds that the predominant purpose of filing the petition was to frustrate the planned sale of the Property. Dkt. 1-2 at 9-12. The "amount in controversy" requirement is therefore based on the value of the Property. *See Carter v. Wells Fargo Home Mortg.,* No. 3:16-CV-296, 2017 WL 2992440, at *2 (S.D. Tex. Mar. 23, 2017) (citing *Farkas,* 737 F.3d at 341).

The Court must next determine whether Shellpoint has met its burden by demonstrating either of the two *Manguno* prongs. The Court finds that Shellpoint has met the second *Manguno* prong. The Court finds that the appraisal evidence attached to the

notice of removal establishes that the property's value exceeds $75,000. Here, the Harris County Appraisal District's assessed value for the property is $128,000. (Dkt 1-16). Accordingly, NewRez has met its burden to demonstrate by a preponderance of the evidence that the threshold amount in controversy requirement for diversity jurisdiction has been established in this case. *Carter,* 2017 WL 2992440, at *2.

### B.  *Complete Diversity*

Next, Hu argues that, since Stewart is a Texas resident, there is no complete diversity of citizenship among the parties and the Court cannot exercise diversity jurisdiction over this case. Dkt 12, ¶30. Under the facts of this case, the Court disagrees.

Diversity jurisdiction requires complete diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) ("The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). Improper joinder constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Servicing*, *LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Id.* In essence, the court may ignore an improperly joined non-diverse defendant when determining its subject-matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

Thus, the issue at hand is whether Stewart has been improperly joined. A non-diverse defendant may be found to be "improperly joined" if either (1) there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). Only the second type of improper joinder is at issue here. See Dkts. 1 and 13. The Court must determine "whether [NewRez] has demonstrated that there is no possibility of recovery by [Hu] against [Stewart], which stated differently means that there is no reasonable basis for the district court to predict that [Hu] might be able to recover against [Stewart]." *Smallwood*, 385 F.3d at 573; *see also Mastronardi v. Wells Fargo Bank, et al.*, No. 15–11028, 653 Fed. App'x. 356, 357, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (citing *Smallwood*).

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Alternatively, in cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary-judgment-type inquiry. *Id.*

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures*, 818 F.3d at 204. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. *Smallwood*,

385 F.3d at 574. The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

NewRez argues that Hu's allegations are insufficient to state any valid claims against Stewart in this case. The Court agrees. Here, Hu globally asserts claims against "Defendants" collectively, for wrongful foreclosure under unspecified sections of the Texas Business & Commerce Code and violations of the Texas Debt Collection Act. She also seeks the equitable remedies of adverse possession and injunctive and declaratory relief. Dkt. 1-2, at ¶¶ 16-28. Hu's petition does not assert factual allegations specific to Stewart in support of any of these claims. *Id.* Nevertheless, Hu argues that the factual basis of her claims against Stewart is that Stewart unlawfully failed to send Hu the Notice of Substitute Trustee's Sale and that the notice "was defective for failing to state with specificity the location of said (foreclosure) sale." Dkt 15, ¶¶ 19. Assuming these factual allegations to be true, they still cannot establish any claim against Stewart for violation of the Texas Business & Commerce Code or Texas Debt Collection Act. Nor can they serve as basis for any equitable relief.

In this case it is undisputed that Hu was not a party to the note or deed of trust that serves as the basis for the sale. See Dkt. 1-2 at ¶¶ 9-12 & attached Exhibits A-C. As courts have consistently held, "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975); *Cuauhtli v. Chase Home Fin. LLC*, 252 Fed. App'x 690, 692 (5th Cir. 2007) (same). The Texas Property Code only requires written notice of the sale be mailed to "each *debtor* who, according to the records of the

mortgage servicer, is obligated to pay the debt." Tex. Prop. Code § 51.002(d) (emphasis added). This is true even when the mortgagee knows of an intervening purchaser. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 Fed. Appx. 854, 2009 WL 101941, at *2 (5th Cir. 2009) (quoting *Casstevens v. Smith*, 269 S.W.3d 222, 229-30 (Tex. App.—Texarkana 2008, no pet. h.) (finding that notice of foreclosure proceedings must be given "to the parties named on the requisite documents as the debtors and not to other parties, *known or unknown*") (emphasis in *Rodriguez*). Hu's alleged ownership of the property at issue does not entitle her to notice. *See, e.g., 402 Lone Star Prop., LLC v. Bank of Am., N.A.*, No. 03–13–332–CV, 2014 WL 4058715, at *3 (Tex. App.—Austin Aug. 12, 2014, no pet.); *Familglia Fatta, LLC v. Ocwen Loan Servicing, LLC*, No. 4:18-CV-1147, 2019 WL 3892368, at *3 & n.1 (S.D. Tex. Aug. 19, 2019).[1] Accordingly, there is no reasonable basis to predict that Hu would ever be able to recover against Stewart at the time of her joinder. Stewart was improperly joined to this suit.[2]

---

[1] Similarly, the Court finds that Hu cannot prevail on any claim against Stewart for "adverse possession" because Stewart, as substitute trustee, has no ownership interest in the Property. Because Hu has no valid underlying claim against Stewart, there is also no basis for any declaratory or injunctive relief sought against Stewart. *Familglia Fatta, LLC v. Ocwen Loan Servicing, LLC*, No. 4:18-CV-1147, 2019 WL 3892368, at *4 (S.D. Tex. Aug. 19, 2019) ("Both declaratory and injunctive relief . . . are forms of relief grounded on underlying claims. Since this Court has determined that the plaintiff's substantive claims for relief fail, the plaintiff's claims for declaratory and injunctive relief likewise fail.") (citations and parenthetical phrases omitted).

[2] The Court finds that Hu cannot recover against Stewart under the Texas Debt Collection Act for the additional reason that a substitute trustee is not a "debt collector" subject to liability under this statute. *See* Tex. Prop. Code § 51.0075(b) ("A trustee or substitute trustee is not a debt collector."). Hu does not allege that Stewart was assigned any duty other than the duties of a substitute trustee to exercise the power of sale in the deed of trust. See Dkt. 1-2.

The cases Hu cites in support of her assertion that "[n]umerous Texas federal district courts, when presented with lack of notice claims against trustees, have declined to find improper joinder" are easily distinguishable from this case. In those cases, unlike here, the plaintiff complaining of inadequate notice by the substitute trustee was the debtor under the notes and deed of trusts at issue. They were not, like Hu, strangers to the loan transactions. *See, e.g., Sanchez v. Bank of America, N.A.,* SA-13-CV-87-HLH, 2013 U.S. Dist. LEXIS 184303, at *7 (W.D. Tex. Mar. 19, 2013); *Magers v. Bank of America, N.A.,* EP-12-CV-00368-DCG, 2013 U.S. Dist. LEXIS 26152 at *6 (W.D. Tex. Feb. 26, 2013); *Johnson v. Ocwen Loan Servicing, LLC,* C-09-47, 2009 U.S. Dist. LEXIS 63854 at *3 (S.D. Tex. July 22, 2009); *King v. Bank of N.Y.,* C-05-408, 2005 U.S. Dist. LEXIS 32466 at *5 (S.D. Tex. Sept. 7, 2005). Accordingly, the Court finds that NewRez has carried its burden to establish that federal jurisdiction exists. *Manguno*, 276 F.3d at 723.

## C. Consent for Removal

Finally, Hu argues that removal was improper because NewRez did not obtain consent from two of the named defendants before removal. The Court disagrees. It is well established that consent to removal is not required from improperly or fraudulently joined parties, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003), or defendants who have not been served at the time of removal. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). The record reflects that, to this day, Hu has not served either Stewart or National Lending with process under either the Texas or Federal Rules of Civil Procedure. Hu has offered no evidence that a return of service was ever filed with any court for these defendants or that they defendants received a citation in this case

as required by Texas Rule of Civil Procedure 107. See Dkt. 23, Ex. A; Tex. R. Civ. P. 107. Attempted service of process by Hu's lawyer using FedEx is not valid service. See Tex. R. Civ. P. 103 & 106(a). Accordingly, the Court finds that the consent of these defendants was not required before this case could be properly removed. *Jones,* 979 F.2d at 1007.

## CONCLUSION

The Court finds that NewRez has carried its burden to establish that federal jurisdiction exists in this case and that removal was proper. *Manguno,* 276 F.3d at 723. The Court has diversity jurisdiction over this action and the motion to remand (Dkt. 12) is **DENIED.** Defendant Anna Stewart is **DISMISSED WITHOUT PREJUDICE** as improperly joined. *See Int'l Energy Ventures,* 818 F.3d at 210.

SIGNED at Houston, Texas, this 18th day of May, 2020.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE