Case 4:20-cv-00294 Document 65 Filed on 01/29/21 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QI HU, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-294 |
| § | |
| ANNA STEWART, *et al*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant NewRez LLC fka New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Shellpoint")'s Motion for Summary Judgment. (Dkt. 25). Having carefully reviewed the complaint, the motion, the response, the reply, and the applicable law, the motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this case are not in dispute. On May 19, 2004 Xiao Dong Li ("Li") purchased the property located at 5807 Beverly Hill, Unit 28 Houston, Texas 77057, which is more specifically described as Anderson Park Townhomes, Unit 28 in the Deed Records of Harris County, Texas. ("Property") (Dkt. 1 at Ex. A). As part of this transaction, Li executed a deed of trust creating a lien on the property to secure repayment of the promissory note ("Note"). (Dkt. 25 at Ex. 1-B). The deed of trust was assigned to Shellpoint. (Dkt. 25-1 at para. 5; Dkt. 25 at Ex. 1-D). Shellpoint has never relinquished this deed.

On September 10, 2010, the Harris County Constable conveyed the Property to Yi Zhi Qun ("Qun") by execution deed. This deed foreclosed a judgement against Li. (Dkt 25 at Ex. 2) In January 2016, Qun conveyed the property to Fidelity Investment Limited ("Fidelity"), a Hong Kong company, and Fidelity conveyed the Property to Plaintiff Qi Hu ("Hu"). (Dkt. 25 at Ex. 3; Dkt. 25 at Ex. 4)

Despite losing title to the Property, Li regularly made payments on the Note through August 2017. (Dkt. 25-1 at para. 5; Dkt. 25-1-E at p. 7) On October 18, 2018, after Li stopped making payments, Shellpoint served Li a notice of default and an opportunity to cure. (Dkt. 25 at Ex. 1-F) Li did not cure the default and the note matured by its terms on June 1, 2019. (Dkt. 25-1 at para. 8; Dkt. 25 at Ex. 1-B).

On October 29, 2019 Shellpoint appointed Anna Stewart ("Stewart") as substitute trustee under its deed of trust; Stewart filed notice of a foreclosure sale in the County Clerk's office and posted the notice at the Harris County courthouse. (Dkt. 25-1 at para. 9; Dkt. 25 at Ex. 1-G; Dkt. 25 at Ex. 5; Dkt. 25 at Ex. 5-A) She also mailed notice of acceleration of the loan and of the foreclosure sale to Li by certified mail, return receipt requested. (Dkt. 25 at Ex. 6-A)

Hu alleges that she is now the owner of the Property and brought this lawsuit to enjoin Shellpoint from proceeding with the sale. Hu alleges that Shellpoint is barred from proceeding with the sale because 1) Hu has acquired ownership of the Property by adverse possession; 2) Shellpoint's right to foreclose is barred by limitations and/or laches; 3) Shellpoint cannot establish that it is the holder in due course of the Note; 4) Shellpoint failed to provide her with notice of the sale as required by the Texas Property

Code; and 5) Shellpoint's foreclosure efforts violate the Texas Finance Code. (Dkt. 1-2 at paras. 24–27) In the suit, Hu has named as defendants National Lending Corporation ("National Lending") and Shellpoint, the entities Hu alleges requested the sale.

In the pending motion, Shellpoint argues that it is entitled to summary judgment regarding Hu's claim for injunctive relief because there are no disputed issues of material fact and as a matter of law, Hu cannot establish any valid basis at law to enjoin the sale. For the reasons explained in greater detail below, the Court agrees.

## II. APPLICABLE LAW

A movant is entitled to summary judgment when he or she shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). All facts must be viewed in the light most favorable to the non-moving party and the Court must make reasonable inferences in the non-movant's favor. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

When the non-movant bears the burden of proof at trial, the movant may point to the absence of evidence of one of the non-movant's claims. *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018). Once the movant has done so, the burden shifts to the non-movant to demonstrate that there is an issue of material fact warranting trial. *Id*. "If the nonmoving party fails to make a showing sufficient to establish the existence of an

element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted." *Celotex*, 477 U.S. at 322–23.

### III.    ANALYSIS

#### A.    Adverse Possession

First, Hu argues that Shellpoint is barred from proceeding with the foreclosure sale because she is the fee simple owner of the Property by adverse possession. Hu claims that she now owns the Property because Shellpoint failed to challenge her ownership claims within three years after her deed was recorded. The Court disagrees.

It is well established that, under the doctrine of adverse possession, the statute of limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale. *Warnecke v. Broad*, 161 S.W.2d 453 (1942); 30 TEX. JUR. 3D § 77 (1995); 2 TEX. JUR. 3D § 6 (1995). This is the case because the mortgage holder has no right to eject the adverse possessor until it actually acquires title. *Wilson v. Beck*, 286 S.W. 315, 322 (Tex. App.—Dallas 1926, writ ref'd); 5 Fred A. Lange & Aloysius A. Leopold, Texas Practice: Land Titles and Examination § 986 (2d ed. 1992). This applies regardless of whether the adverse possessor was on the land at the time the mortgage was given. *Hume v. Le Compte*, 142 S.W. 934, 936 (Tex. App.—San Antonio 1911, writ ref'd). In this case, since it is undisputed that Shellpoint never completed the sale and took title to the Property, Hu cannot be in adverse possession of it and this claim fails as a matter of law. *Id.*

#### B.    Statute of Limitation and Laches

Next, Hu argues that Shellpoint's right to foreclose is barred by limitations and laches. Hu asserts that the statute of limitations on Shellpoint's right to foreclose began running on February 5, 2016 when Hu purchased the property and filed the deed with the Harris County Record Office. Hu argues that at this time "an incurable and continuous default occurred [and] an acceleration of the note is mandatory, not an option." (Dkt. 57 at para. 11) Hu argues that since Shellpoint did not attempt to foreclose on the Property until over four years after the "incurable and continuous default," it is barred from doing so now under the applicable statute of limitations. The Court finds this argument unmeritorious.

In support of her arguments, Hu cites no case law or provision in the Texas Property Code that requires a lender to accelerate a loan under any circumstances, let alone when the borrower is still making payments. Likewise, Hu cites no authority for her assertion that Li's default was "incurable and continuous." (Dkt. 57 at para. 11) Li's default could have been cured at any time by paying off the remainder of her balance on the loan.

The Court finds that Shellpoint has timely asserted its right to foreclose on the Property. Under the Texas Civil Practice & Remedies Code, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b) (West 2019). If a note payable by installments is secured by a real property lien, the limitations period does not begin to run until the maturity date of the last note, obligation, or installment. *Id*. § 16.035(e). If a deed of trust

contains an optional acceleration clause, the cause of action accrues only when the holder exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

To effectively accelerate a deed of trust, the holder must send two clear and unequivocal notices: (1) notice of its intent to accelerate, and (2) notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892–93 (Tex. 1991). After accelerating a note upon default, the holder can abandon acceleration by continuing to accept payments without exacting any remedies available to it upon declared maturity. *Holy Cross Church*, 44 S.W.3d at 566 (citing *City Nat'l Bank v. Pope*, 260 S.W. 903, 905 (Tex.Civ.App.—San Antonio 1924, no writ)).

In this case, the deed of trust contained an optional acceleration clause. (Dkt. 25-1-B at § 22. Although Shellpoint sent one notice of its intent to accelerate, it did not send a second notice or otherwise take action to effectuate the acceleration. (Dkt. 25 at Ex. 1-F) Furthermore, the deed of trust contains an anti-waiver provision preserving Shellpoint's right to accelerate and foreclose, despite an earlier default. (Dkt. 25-1-B at § 12)

The summary judgment evidence establishes that Shellpoint's right to foreclose claim accrued on the maturity date of the deed of trust, June 1, 2019. (Dkt. 25 at Ex. 1-B) Accordingly, the statute of limitations will not run on Shellpoint's right to enforce the

deed of trust until June 1, 2023 and its attempts to foreclose on the Property are not time-barred.[1] (Dkt. 25-1-B at p. 1)

Nor can Hu rely on laches as a basis to enjoin the foreclosure sale. It is well established that, under Texas law, laches is a defense and not a cause of action. *Van Duzer v. U.S. Bank Nat'l* Ass'n, 995 F. Supp. 3d 673, 700 (S.D. Tex. 2014), aff'd 582 Fed. App'x 279 (5th Cir. 2014) (quoting *Prappas v. Meyerland Cmty. Imp. Ass'n*, 795 S.W.2d 794, 800 (Tex.App.—Houston [14th Dist.] 1990, writ denied)). Hu has not proffered any case law to support the proposition that a plaintiff can invoke the equitable doctrine of laches to preemptively prevent a defendant from attempting foreclosure. *See Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, No. 4:18-CV-875-ALM-CAN, 2019 WL 6333989, at *14 (E.D. Tex. Oct. 31, 2019), *report and recommendation adopted sub nom. Maples v. Barrett Daffin Frappier Turner & Engel, LLP*, 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019). Accordingly, these claims fail as a matter of law as a basis to enjoin Shellpoint's foreclosure sale of the Property.

### C. Holder in Due Course of the Note

Hu argues that Shellpoint cannot enforce the deed of trust to foreclose on the Property because it cannot establish that it is a "holder in due course" of the note and produce the original note. (Dkt. 1-1 at paras. 16–17) Hu argues that, without such proof, Shellpoint's attempts to foreclose violate both the Texas Business Code and Sections

---

[1] Even if the statute of limitations had begun running when Hu claims it did on February 5, 2016, Shellpoint would still have until February 4, 2020 to foreclose under the four-year statute of limitations. This action was originally filed in state court on January 3, 2020. (Dkt. 1 at p. 1)

392.303 and 392.304 of the Texas Finance Code. TEX. FIN. CODE ANN. §§ 392.303–04 (West 2019); (Dkt. 1-1 at paras. 21–22) Hu argues further argues that to proceed with the sale Shellpoint must produce the original, unaltered note as proof. (Dkt. 1-1 at para. 24) The Court disagrees.

The summary judgement evidence establishes that Shellpoint has a right to enforce the deed of trust to foreclose on the Property. Chapter 51 of the Texas Property Code governs the right to enforce the deed of trust through non-judicial foreclosure. *Morlock v. Nationstar*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It authorizes a "mortgagee" to enforce a security instrument through a non-judicial foreclosure sale, either directly or through a mortgage servicer. TEX. PROP. CODE ANN. § 51.0025 (West 2019). A mortgagee is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. § 51.0001(4).

Here, the summary judgement evidence establishes that Shellpoint is a mortgagee authorized to foreclose because it is the last assignee of the deed of trust. *Id*. § 51.0001(4)(C); (Dkt. 25 at Ex. 1-D) "No provision in Chapter 51 of the Texas Property Code requires a foreclosing party to prove its status as 'holder' or 'owner' of the Note or the original of the Note prior to foreclosure." *Nationstar,* 447 S.W.3d at 47. A mortgagee "may enforce the deed of trust even if it is not the owner and holder of the note or of the original of the note." *Id.*; *Morlock, LLC v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex.

App.— Houston [1st Dist.] 2014, pet. denied) ("The 'weight of Texas authority' supports the proposition that the party owning the deed of trust need not also show that it is the owner or holder of the note in order to foreclose.") Finally, it is well established that Shellpoint is not required to present the original note to the Court to be allowed to proceed with the sale. There is no "show me the note" requirement under Texas law. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("The original, signed note need not be produced in order to foreclose.") Accordingly, this claim also fails as a matter of law to serve as a basis to enjoin Shellpoint's foreclosure sale of the Property.

  D.  **Notice of the Sale**

 Hu argues Shellpoint cannot proceed with the sale because it failed to provide her with notice of the sale as required by the Texas Property Code. The Court finds this argument unmeritorious.

  It is well established that absent specific language in the deed of trust, "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." *Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975). In this case, there was no language in the deed of trust requiring Hu to be notified in the event of default or foreclosure. (Dkt. 25 at Ex. 1-B) Mere ownership of the property does not entitle Hu to personal notice of a foreclosure sale. *402 Lone Star Prop., LLC v. Bank of Am., N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App. Aug. 12, 2014, no pet.) ("Notice to a property owner who is not a party to a deed of trust,

however, generally is not required.") Accordingly, this claim fails as a matter of law to serve as a basis to enjoin Shellpoint's foreclosure and sale of the Property.

### E. Debt Collection Claim

Finally, Hu asserts that Shellpoint has no authority to collect on the Note or hold a substitute trustee's sale because "[d]efendants are in violation of Texas Finance Code § 392.301(8)." (Dkt. 1-1 at para. 22) This statute makes it unlawful for parties to engage in certain acts associated with the collection of debts. However, beyond these threadbare, vague and conclusory allegations, there is no summary judgment evidence that Shellpoint ever contacted Hu to collect on the Note, let alone that Shellpoint threatened to take action that is prohibited by law in violation of Texas Finance Code § 392.301(8). As courts have consistently held, the nonmovant must "go beyond the pleadings and by her own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 324) This Hu has not done. Accordingly, this claim fails as a matter of law to serve as a basis to enjoin Shellpoint's foreclosure sale of the Property.

## IV. CONCLUSION

For the reasons stated above, the Court finds that there is no genuine dispute of material fact and that Shellpoint is entitled to judgment as a matter of law on Hu's claim for injunctive relief barring the foreclosure sale of the Property. Accordingly, Shellpoint's Motion for Summary Judgment is **GRANTED**. All other pending motions are denied as moot. A final judgment will be entered simultaneously with this order.

SIGNED at Houston, Texas, this 29th day of January, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE